IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **STROM SMITH** | § | **PLAINTIFF** |
| | § | |
| | § | |
| v. | § CIVIL ACTION NO. 1:06CV1197-LG-JMR | |
| | § | |
| | § | |
| **ST. PAUL FIRE & MARINE** | § | |
| **INSURANCE COMPANY, INC.** | § | **DEFENDANT** |

**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME
TO RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**BEFORE THE COURT** is the Motion for Continuance of Summary Judgment Proceedings pursuant to FED. R. CIV. P. 56(f) [59][1] filed by Plaintiff, Strom Smith. Upon reviewing the submissions of the parties and the relevant law, the Court finds that Plaintiff's Motion should be granted.

On August 9, 2005, Plaintiff's thirty-five foot Cabo yacht was damaged when it collided with a submerged vessel. The yacht was insured by a Seahorse Underwriters Policy (policy number SH00250075) issued by Defendant for the period March 18, 2005, though March 18, 2006. Plaintiff contends that the yacht should be considered a total loss pursuant to the terms of Defendant's policy, but Defendant contends that the vessel could be repaired at a cost of $186,893.80. The policy provides that "total loss" "means the cost of recovery or repair exceeds

---

[1] Plaintiff's pleading was entitled "Plaintiff's Response to Defendant's Motion for Summary Judgment." However, the pleading did not constitute a substantive response to Defendant's Motion. Since the pleading requests a continuance of summary judgment proceedings pursuant to FED. R. CIV. P. 56(f), the Court construes Plaintiff's pleading as a Motion. Additionally, the Court construes Defendant's Rebuttal in Support of Motion for Summary Judgment [63] as a Response to Plaintiff's Motion.

80% of the agreed value." (Ex. A to Def.'s Mot. at 6). In his Complaint, Plaintiff asserts that two independent appraisers determined that the yacht was a total loss. Plaintiff also asserts that the manufacturer of the yacht opined that it was a total loss and refused to furnish original parts to the repair company so that the yacht could be repaired. The policy provides:

> **Appraisal of Property Disputes**
> If agreement can't be reached on the amount of loss or the value of your boat, the following procedure will be used.
> 1. One of us will make a written demand for appraisal.
> 2. Each will select a competent and impartial appraiser and notify the other of the selection within 30 days of the demand.
> 3. The appraisers will select a competent and impartial umpire. If they can't agree on an umpire, either may ask that one be selected by a judge of a court having jurisdiction.
> 4. The appraisers will state separately the amount of the loss and the value of your boat. If they don't agree, they'll submit their appraisals to the umpire. Agreement of two out of three will be binding.

(Ex. A to Def.'s Mot.) Defendant contends that each party consented to appraisal and identified an impartial appraiser, but Plaintiff refused to cooperate in appointing an umpire. Plaintiff filed this lawsuit on October 23, 2006, in the Circuit Court of Harrison County, Mississippi, and Defendant removed the lawsuit to this Court. Discovery in this matter has been very contentious. Plaintiff filed a Motion to Compel discovery responses on June 2, 2007, which was granted in part and denied in part. On September 12, 2007, Plaintiff filed a Motion to Compel the deposition of Defendant's proposed expert witness, Matt Schmahl, who estimated the value of the yacht.[2] Plaintiff also filed a Second Motion to Compel Discovery Responses on November 13, 2007, and that Motion was granted. The discovery deadline was also extended to January 7,

---

[2] This Motion primarily centered around the parties' dispute over whether Plaintiff should be required to pay the reasonable expenses incurred by Schmahl in preparing for and attending the deposition. The Motion was granted, but Plaintiff was ordered to pay Schmahl's reasonable expenses.

2008, to allow Plaintiff to take the deposition of Matt Schmahl and to allow Defendant time to produce the additional discovery ordered by the Court.

On October 31, 2007, in the midst of these discovery disputes, Defendant filed a Motion for Summary Judgment, arguing that Plaintiff should be compelled to complete the appraisal process set forth in the policy since the parties disagree as to the damage caused to the yacht. Defendant also argues that it is entitled to summary judgment as to Plaintiff's bad faith claim, asserting that this matter is a pocketbook dispute and Defendant did not deny coverage under the policy. However, Plaintiff has produced an affidavit signed by his attorney in which he states:

> That in order to rebut St. Paul Fire & Marine Insurance Company, Inc.'s claim that this is nothing more than a pocketbook dispute, that St. Paul Fire & Marine Insurance Company did not act in bad faith, that Strom Smith is not entitled to punitive damages, and the applicability of the appraisal clause, and whether or not it should be enforced, I must complete the deposition of Matt Schmahl and receive the documents which [were the subject of the Second Motion to Compel Discovery].

(Ex. D to Pl.'s Resp. at 2). Plaintiff contends that Defendant relies on the report of Matt Schmahl in support of each argument made in its Motion for Summary Judgment. As a result, Plaintiff seeks a continuance of the Motion for Summary Judgment pursuant to FED. R. CIV. P. 56(f) so that Plaintiff can take Schmahl's deposition and obtain other discovery that this Court has ordered Defendant to produce.

Rule 56(f) Motions "are broadly favored and should be liberally granted." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006). FED. R. CIV. P. 56(f) provides: "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition [to a motion for summary judgment], the court may refuse the application for judgment or may order a continuance to

permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."  "To obtain a continuance of a motion for summary judgment, a party must 'specifically explain both why it is currently unable to present evidence creating a genuine issue of fact and how a continuance would enable the party to present such evidence.'" *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 719 (5th Cir. 1999) (quoting *Liquid Drill, Inc. v. Turnkey Exploration, Inc.*, 48 F.3d 927, 930 (5th Cir. 1995)).

      Plaintiff has demonstrated by affidavit and by motion that he has acted diligently in attempting to obtain the discovery at issue, and he argues that the discovery is necessary so that he can respond to the Motion for Summary Judgment.  Defendant argues that the additional discovery will not assist Plaintiff in responding to the Motion for Summary Judgment because the policy requires an appraisal where there is a dispute as to the amount of loss.  Nevertheless, Plaintiff's claims against Defendant seem to primarily concern whether Defendant acted in good faith when it relied on Schmahl's appraisal of the yacht and when it required that the appraisal procedure take place.  Therefore, the Court finds that Plaintiff has demonstrated that the additional discovery may assist him in responding to Defendant's Motion and that Plaintiff's Motion for a Continuance should be granted.  The Court has allowed Plaintiff until January 7, 2008, to conduct this discovery.  As a result, the Court will allow Plaintiff until January 28, 2008, to provide a substantive response to Defendant's Motion.  Defendant will be permitted to file a Reply to Plaintiff's Response within the time provided by Rule 7.2(D) of the Uniform Local Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi and the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Continuance of Summary Judgment Proceedings pursuant to FED. R. CIV. P. 56(f) [59] filed by Plaintiff, Strom Smith, is **GRANTED**.  Plaintiff's Response to the Motion for Summary Judgment is due on January 28, 2008.

**SO ORDERED AND ADJUDGED** this the 10th day of December, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE